**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Vanguard Transportation
Systems, Inc.,

       Plaintiff,                Case No. 2:04-cv-889

v.

                                     JUDGE GRAHAM

Volvo Trucks North America,
Inc.,

       Defendant.


**OPINION AND ORDER**

This matter is before the Court on Plaintiff Vanguard Transportation Systems, Inc.'s ("Vanguard") Motion for Reconsideration/New Trial (Doc. 70) filed with this Court on August 24, 2006.[1] Defendant Volvo Trucks North America, Inc. ("VTNA") filed a Response opposing Vanguard's Motion and requesting that this Court order Vanguard to show cause why sanctions should not be imposed against it for the use of an improper motion (Doc. 71). Vanguard did not file a reply to VTNA's Response.

Vanguard asks this Court to reconsider its decision of August 14, 2006, granting summary judgment in VTNA's favor (Doc. 68), and, judgment in VTNA's favor in this case (Doc. 69) entered by the Clerk on August 14, 2006, or to grant Vanguard a "new trial pursuant to Federal Rule of Civil Procedure 59." (Pl.'s Mot. for Recons./New Trial 1.) Vanguard's Complaint alleged claims for VTNA's alleged breach of express warranty or, in the alternative,

---

[1]

    Vanguard has also filed a Notice of Appeal of this Court's judgment in VTNA's favor on VTNA's Motion for Summary Judgment. (Doc. 72).

breach of contract, arising out of defects in VTNA-manufactured or assembled commercial trucks purchased by Vanguard. This Court found that Vanguard had not presented any evidence of a breach of warranty or breach of contract. The Court next found that a written, limited warranty provided by VTNA with the sale of the trucks excluded all other prior or contemporaneous oral or written warranties. Finally, the Court found that VTNA's limited, written warranty did not fail of its essential purpose as Vanguard claimed.

In its Motion, Vanguard argues the following: 1) the Court's judgment is contrary to law; 2) the judgment is not sustained by sufficient evidence; 3) the judgment is contrary to the evidence; 4) the evidence on which the Court relied in reaching its conclusion was insufficient; 5) the Court erred in finding no genuine issues of material fact; 6) the Court erred in finding that Douglas Menne's Affidavit ("Menne Affidavit") was not properly signed; 7) the Court erred in finding that the Menne Affidavit consisted largely of hearsay or broad conclusions; 8) the Court erred in determining that the letters attached to Vanguard's Response in Opposition to VTNA's Motion for Summary Judgment ("Menne Letters") were inadmissible for purposes of the Motion; 9) the Court erred in finding that VTNA's responsibilities to Vanguard were limited to those set forth in the written "Limited Warranty"; and, 10) the Court erred in finding that the burden of proof was shifted to Vanguard and in finding that Vanguard had not met that burden, "ignoring that in Summary Judgment proceedings, the issues raised by the moving party must be taken in the light most favorable to the non-moving party." (Pl.'s Mot. for Recons./New Trial 1-2.)

For the following reasons, the Court DENIES Vanguard's Motion.

I.   **Standard of Review**

A motion for a new trial upon a court's grant of summary judgment is "technically improper." Harris v. Refiners Transp. & Terminal Corp., No. C 84-7578, 1986 U.S. Dist. LEXIS 20885, *3 (N.D. Ohio Sept. 5, 1986). However, it is generally accepted that a district court may review a summary judgment ruling and provide relief under Fed. R. Civ. P. 59(e). Id. Similarly, the Federal Rules do not provide for a "motion to reconsider," again, however, if a motion to reconsider an entry of judgment is filed within ten days of the judgment, most courts will treat the motion as a motion to amend or alter the judgment under Rule 59(e).[2] It is apparent that Vanguard seeks an Order amending or altering the Court's grant of summary judgment to VTNA, not a "new trial," as there was no trial in this case. Vanguard filed its Motion within ten days of the entry of judgment for VTNA. The Court will therefore consider Vanguard's Motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e).

Rule 59(e) of the Federal Rules of Civil Procedure permits parties to move for a court to alter or amend a previously issued judgment. Fed. R. Civ. P. 59.[3] As this Court has stated,

---

[2]   If the Motion were not filed within ten days of the entry of judgment, the Court could consider the "motion for reconsideration" to be a motion for relief from judgment under Fed. R. Civ. P. 60(b). Robinson v. City of Shaker Heights, No. 95-3706, 1995 U.S. App. LEXIS 38868, at *3 (6th Cir. Dec. 14. 1995).

[3]   Rule 59 states in pertinent part:
    (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues . . . in any action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law

"[g]enerally there are three situations which justify reconsideration under Rule 59(e): '1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or to prevent a manifest injustice.'" <u>J.P. v. Taft</u>, No. C2-04-692, 2006 U.S. Dist. LEXIS 14595, *13 (S.D. Ohio Mar. 15, 2006) (quoting <u>Dualite Sales & Serv., Inc. v. Moran Foods, Inc</u>., 2005 U.S. Dist. LEXIS 43588, at *1 (S.D. Ohio Sept. 26, 2005)(internal citations omitted)).

That said, motions under Rule 59(e) may not "'be used to relitgate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" <u>Id</u>. (quoting <u>Brown v. City of Syracuse</u>, 2005 U.S. Dist. LEXIS 43587, at *1-2 (N.D.N.Y. Aug. 17, 2005) (internal citations omitted)). Finally, "[a] motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interest in finality and conservation of scarce judicial resources." <u>United States v. Limited, Inc</u>., 179 F.R.D. 541, 547 (S.D. Ohio 1988) (citing <u>Sussman v. Salem, Saxon & Nielsen, P.A.</u>, 153 F.R.D. 689, 694 (D.C. Fla. 1994), <u>Pennsylvania Ins. Guar. Ass'n v. Trabosh</u>, 812 F.Supp. 522, 524 (D.C. Pa. 1992)). "If the movant simply regurgitates arguments previously presented or presents arguments which originally could have been argued, then the movant's proper recourse is an appeal to the circuit court." <u>Id</u>.

---

or make new findings and conclusions, and direct the entry of a new judgment.
    (b) Time for Motion.  Any motion for a new trial shall be filed no later than 10 days after entry of the judgment . . . .
    (e) Motion to Alter or Amend Judgment.  Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.
Fed. R. Civ. P. 59.

at 547 n.9 (citing <u>Dana Corp. v. United States</u>, 764 F. Supp. 482, 489 (N.D. Ohio 1991)).

II.  **Discussion and Analysis**

Vanguard does not assert that this Court's judgment should be set aside to accommodate a change in the controlling law.  Vanguard makes several arguments regarding the evidence presented by the parties during the briefing on VTNA's Motion for Summary Judgment.  Vanguard also appears to argue that the Court should alter or amend the judgment to correct clear error, though it does not specify what was clearly erroneous about this Court's grant of summary judgment in VTNA's favor.

A.  **Vanguard's Arguments Regarding the Application of the Summary Judgment Standard**

Vanguard makes several arguments that relate to the standard under which courts must view any evidence presented at the summary judgment stage.  For example, Vanguard argues that the evidence upon which the Court relied in granting VTNA's Motion for Summary Judgment was "insufficient"; that the Court erred in finding there was no genuine issue in dispute as to any material facts; and that the Court erred in finding that the burden of proof was shifted to Plaintiff and in finding that Plaintiff had not met that burden, ignoring that in summary judgment proceedings the issues raised by the moving party must be taken in the light most favorable to the non-moving party.  In Vanguard's Brief in Support of its Motion, it refers the Court to several cases setting forth the standard of review on a motion for summary judgment.

In its Opinion and Order granting summary judgment in VTNA's favor, the Court specifically set forth the applicable standards

governing its decision.  (Op. and Order 3-5.)  The Court applied these standards in granting VTNA's Motion.  As stated, _supra_, if Vanguard believes that this Court improperly applied the summary judgment standard, or improperly considered any evidence in light of that standard, its recourse is to appeal this Court's decision, not to restate arguments upon which this Court has already decided. (_See_ Pl.'s Br. in Opp. to Def.'s Mot. for Summ. J. 15-16 outlining the standard of review on a motion for summary judgment and specifically acknowledging that once the movant demonstrates an absence of a genuine issue of material fact, it is incumbent upon the non-movant to come forth with specific facts showing there is a genuine issue of material fact to be decided at trial.)

Vanguard also argues that "summary judgment is rarely appropriate in actions in which the litigant's state of mind, motive or subjective intent is an element of the plaintiff's claim." (_Id_. at 5.)  Vanguard asserts that "Plaintiff's state of mind," is at issue in this case and is "an element of its claim" to the extent that it relied on representations regarding the trucks made by VTNA and its agents. (_Id_. at 5-6.)  Vanguard relies on two cases, Fid. & Guar. Ins. Underwriters v. Saenz, 865 S.W.2d 103, 111 (Tex. Ct. App. 1993), _reversed_, 925 S.W.2d 607 (Tex. 1996), and Ehler v. St. Paul Fire and Marine Ins. Co., 66 F.3d 771 (5th Cir. 1995), for the proposition that when a party having superior knowledge takes advantage of another's ignorance of the law to deceive that person by concealment or misrepresentation, that party can be held responsible for that statement.  The plaintiffs in the cases Vanguard cites sought to set aside compromise settlement agreements on workers' compensation claims due to alleged

misrepresentations or fraud by the insurance companies. See Fidelity, 865 S.W.2d at 110; Ehler, 66 F.3d at 773. In its Motion, Vanguard claims that VTNA "hid behind its 'Limited Warranty' fully knowing that Plaintiff did not have the legal knowledge to realize that the limited warranty abrogated Defendant's responsibility to Plaintiff for verbal or written representations previously made which induced Plaintiff to purchase the vehicles in the first place." (Pl.'s Mot. for Recons./New Trial 5.)

In Fidelity, the plaintiff alleged that the insurance company breached the duty of good faith and fair dealing, committed fraud, and violated the Insurance Code and the Deceptive Practices Act. Id. at 108. The plaintiff later amended her complaint to allege fraudulent misrepresentation. Id. The plaintiff specifically alleged that Fidelity's agent represented to her that five years was the maximum amount of time under the law she could receive future medical benefits, and discouraged her from consulting an attorney. Id. The court noted that while statements of opinion and misrepresentations regarding the law generally would not constitute fraud, in this case an exception would apply where Fidelity, having superior knowledge, took advantage of Saenz's ignorance of the law to deceive her regarding her legal entitlement to future medical benefits, such that Fidelity's misrepresentation of a point of law could be considered a misrepresentation of fact and thus actionable fraud. Id. at 110-11.

Similarly in Ehler, the plaintiff sued to set aside a compromise settlement agreement with the defendant on the grounds that he had signed the agreement after relying on misrepresentations by the defendant's representative. Ehler, 66

7

F.3d at 772.  Specifically, the plaintiff claimed that the defendant's agent represented to him that his injuries were just "general injuries," and the defendant's offer of $29,000 plus four years of future medical benefits was all he could obtain under any circumstances.  Id. at 773.  The plaintiff argued that the agent intentionally failed to explain that his injuries, though classified as "general" under the Texas Workers' Compensation Act, could have entitled him to lifetime medical benefits.  Id.  The Texas Supreme Court cited to Fidelity in holding that the so-called "superior knowledge" exception to the general rule that opinions or statements of the law usually cannot form the basis for fraud applied in this case because the legal significance of the plaintiff's injury was at issue.  Id. at 774.

Vanguard did not plead a claim of fraud in its Complaint.  Its Complaint set forth two counts, one for breach of express warranty (Count I) and one for breach of contract (Count II).  Vanguard did include under its heading "General Allegations," an allegation that "Defendant knew, or should have known, that all [of its warranties and promises] were false."  (Pl.'s Compl. ¶ 27.)  Vanguard did not offer any evidence to support this allegation in its response to VTNA's Motion for Summary Judgement.  Further, unlike the Plaintiffs in Fidelity or Ehler, Vanguard has never claimed that VTNA misrepresented the law to Vanguard and regardless, Vanguard could hardly make such an argument under the so-called "superior knowledge" exception discussed in Fidelity and Ehler as Vanguard is a sophisticated corporate entity.  Accordingly, the Court will not alter or amend its judgment on these grounds.

### B. Amendment or Alteration of Judgment Based on Evidence

Vanguard states in its memorandum supporting its Motion that "it would be improper to attach a new Affidavit from Douglas Menne to the instant Motion, [but] Plaintiff asserts that if it were allowed to proceed to Trial, or even to supplement its Response to Defendant's Motion to Dismiss, it could refute each of the Defendant's assertions set forth in its Motion to Dismiss and its Reply Brief." Rule 59(e) itself is silent as to the service of affidavits used to support or oppose a motion to alter or amend judgement, however, Rule 6(d) provides that when a motion is to be supported by an affidavit, the affidavit must be served with the motion. Fed. R. Civ. P. 6(d). There is no indication that Vanguard served, or filed, any supporting affidavits setting forth any evidence refuting VTNA's "assertions" in its Motion for Summary Judgment and Reply Brief in conjunction with Vanguard's Motion to Reconsider/New Trial. Regardless, it would only be appropriate for the Court to consider any such evidence if it were <u>new</u> evidence and thus not available at the time Vanguard filed its opposition to VTNA's Motion for Summary Judgment, or Vanguard's Sur-Reply Brief on VTNA's Motion for Summary Judgment (Doc. 65). <u>Gencorp, Inc. v. American Int'l Underwriters</u>, 178 F.3d 804, 833 (6th Cir. 1999). Vanguard has not alleged nor argued that any purported evidence which could be introduced at trial or used to further "supplement" its response and sur-reply was previously unavailable to it. Accordingly, the Court will not grant Vanguard's Motion on these grounds.

Vanguard also appears to contest the Court's evidentiary rulings contained within its Order granting VTNA's Motion for Summary Judgement, namely, that the Court erred in finding that the

Menne Affidavit was not properly signed and consisted largely of hearsay or broad conclusions and was therefore inadmissible, and that the Court erred in finding that the unauthenticated Menne Letters were inadmissible.  Notably, Vanguard does not further argue <u>how</u> the Court erred in finding both the Menne Affidavit and the Menne Letters inadmissible, much less proffer any case law supporting its conclusions.  Vanguard simply states that, "[f]acts asserted by the opposing party, if supported by affidavits (or other evidentiary material) are regarded as true," and "[t]he evidence submitted by Plaintiff in its Brief in Opposition clearly demonstrates that genuine issues of material fact did exist." (Pl.'s Mot. to Recons./New Trial 5, 6).

Vanguard submitted the purported affidavit of its President, Douglas J. Menne in support of its opposition to VTNA's Motion for Summary Judgment.  (Pl.'s Br. in Opp. to Def.'s Mot. for Summ. J., Ex. 1) (Doc. 59).  VTNA argued in its Reply Memorandum supporting its Motion for Summary Judgment, that this purported affidavit was unsigned, not notarized, and contained mostly "opinion, speculation, and unsubstantiated conclusions."  (Def.'s Rep. Mem. in Supp. of Summ. J. 3.)  Vanguard also submitted, as Exhibit 2, a collection of letters from Mr. Menne.  (Pl.'s Br. in Opp. to Def.'s Mot. for Summ. J., Ex. 2.)  VTNA likewise objected to the admission of these letters because they were not authenticated and consisted largely of hearsay.  (Def.'s Rep. Mem. in Supp. of Summ. J. 1.)

Vanguard then moved the Court to allow it to file a Sur-Reply brief to correct the inaccuracies allegedly contained in VTNA's Reply Memorandum.  Rather than attempt to authenticate the Menne Letters, or submit a properly signed and sworn affidavit with its

proffered Sur-Reply, Vanguard instead argued that, despite being unauthenticated, the Menne Letters were admissible because the testimony regarding the letters was sufficient to identify them such that they could be deemed admissible evidence.  Vanguard stated this argument would also apply "in law and logic" to the Menne Affidavit.  (Pl.'s Mot. to File a Sur-Rep. Regarding Def.'s Mot. for Summ. J., Ex. A, 8.)  Vanguard next argued that the Menne Letters could still be admissible to show that VTNA had notice of the alleged defects or problems with the trucks, even if the content of the Menne Letters were otherwise inadmissible hearsay. Finally, Vanguard argued that the Menne Letters were records of regularly conducted activity and were thus admissible under the business records exception to the hearsay rule.

The Court granted in part Vanguard's Motion to File a Sur-Reply and considered its proffered Sur-Reply to the extent that it addressed VTNA's objections to the admissibility of the Menne Affidavit and the Menne Letters.[4]  Vanguard has not provided the Court with any reasons or argument as to why its decision to disregard the Menne Affidavit or the Menne Letters in considering VTNA's Motion for Summary Judgment was a clear error of law. Again, if this Court erred in its rulings on the Menne Affidavit and Menne Letters, that is an issue best addressed on Vanguard's pending appeal before the Sixth Circuit.  Accordingly, the Court will not grant Vanguard's Motion on these grounds.

**C.    Consideration of <u>Stone Transp. v. Volvo Trucks North America, Inc</u>.**

---

[4]

The Court denied in part Vanguard's Motion to File a Sur-Reply to the extent that it rehashed the arguments Vanguard already made in its opposition to VTNA's Motion for Summary Judgment.

Vanguard finally argues, again, that the Sixth Circuit's ruling in Stone Transp. v. Volvo Trucks North America, Inc., 129 Fed. Appx. 205 (6th Cir. 2005), shows that VTNA's customers are not limited by the language contained in VTNA's written limited warranty and can seek damages beyond repair or replacement, and thus be awarded consequential damages. The Court considered this case in finding for VTNA, and determined that it was wholly inapplicable to the case at bar. The Sixth Circuit in Stone, found that, "the facts developed at trial are sufficient to support the jury's finding that Volvo's repair/replace limitation failed of its essential purpose." Id. at 206-07 (emphasis added). While the Sixth Circuit's findings of law, albeit Michigan law, with respect to the limitations of express warranties would have been instructive had Vanguard presented any evidence to show a genuine issue of material fact as to the defects in the trucks, Vanguard, apparently unlike Stone Transportation, failed to do so. It would have been inappropriate in light of VTNA's properly supported Motion, to allow Vanguard to boot-strap its allegations regarding the defects in the VTNA trucks onto Stone Transport's evidence of its trucks' defects.

The Court therefore also finds this argument insufficient to warrant the alteration or amendment of its judgment in VTNA's favor.

In short, Vanguard has done nothing but restate its arguments for the third time in this Motion for Reconsideration/New Trial.[5]

---

[5]

Vanguard unabashedly "requests this Honorable Court revisit" its Brief in Opposition to VTNA's Motion for Summary Judgment, which Vanguard "refrain[s] from

Nevertheless, while the Court understands VTNA's predicament in spending time and money to defend itself against such a superfluous Motion, and finds the reasoning in <u>Miller v. Norfolk Southern Rwy. Co.</u>, 208 F. Supp. 2d 851 (N.D. Ohio 2002)[6] to be persuasive, the Court declines to require Vanguard to show cause as to why it should not be sanctioned for filing a frivolous motion.

It is so ORDERED.


s/James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: October 30, 2006

---

re-stating" in its Motion "[i]n the interests of Judicial economy.  (Pl.'s Mot. to Recons./New Trial 6.)

[6]
The Court particularly agrees that here, as in <u>Miller</u>, "[t]he motion . . . presented no basis on which it could, or should have been granted.  It was, from the outset, an exercise in futility.  But it still required a response from defendant and a review and a ruling by me.  As a result, the defendant's money and my time were wasted."  <u>Miller</u>, 208 F. Supp. 2d at 853.

13